FILED
MAR 18 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marianne Lisenko,<br><br>Plaintiff,<br><br>v.<br><br>Government of Quebec *et al.*,<br><br>Defendants. | Case: 1:16-cv-00525<br>Assigned To : Unassigned<br>Assign. Date : 3/18/2016<br>Description: Pro Se Gen. Civil |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of a case when jurisdiction is found wanting).

Plaintiff sues the Government of Quebec, the Superior Court of Quebec, the Government of Canada, the Federal Republic of Germany, and the United States Social Security Administration. The complaint's allegations are difficult to follow, but plaintiff seems to challenge decisions made about her Canadian retirement pension. Plaintiff attaches a letter from the U.S. Social Security Administration (SSA) informing that, in response to her inquiry about her "Canadian claim," the Administration forwarded her claim to two Canadian agencies that she should contact directly with any questions, and that the SSA "has no jurisdiction over the decision of a foreign agency." Compl. Attach. (Apr. 23, 2015 SSA letter).

The Foreign Sovereign Immunities Act ("FSIA") is the "sole basis for obtaining jurisdiction over a foreign state in our courts." *Argentine Republic v. Amerada Hess Shipping*

*Corp.*, 488 U.S. 428, 434 (1989). "The FSIA provides generally that a foreign state is immune from the jurisdiction of the United States courts unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies," *Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) (citation and internal quotation marks omitted), or an existing international agreement provides otherwise, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005). *See* 28 U.S.C. § 1604 (conferring foreign state immunity "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act"). "Claims against foreign sovereigns that do not fall within the ambit of an FSIA exception are barred." *Simon v. Republic of Hungary*, --- F. 3d ---, ---, 2016 WL 363365, at *10 (D.C. Cir. Jan. 29, 2016) (citation and internal quotation marks omitted). And waivers of sovereign immunity must be clear and unequivocal. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).

Plaintiff contends that her claim falls under the personal injury exception set out at subsection (a)(5) of the FSIA. *See* Compl. at 3 (claiming "personal injury caused to me and now 'occurring in the United States' by the omission by Canada"). But in order to come under that exception, the injury must have "occur[ed] in the United States and caused by the tortious act or omission of [the] foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment." 28 U.S.C. § 1605(a)(5). Plaintiff has alleged no facts satisfying that standard. Plaintiff also claims that Canada and the United States have an agreement. She attaches excerpts from a March 11, 1981 "Agreement Between the Government of the United States of America and the Government of Canada With Respect to Social Security." Compl. Ex. C-13. The agreement "resolve[s] to co-operate in the field of social security." Plaintiff has pointed to no provision in the agreement that waives Canada's immunity,

and the Court has found no such provision. The complaint does not appear to allege any wrongdoing by Germany, which, too, enjoys immunity under the FSIA.

As for the SSA, its letter to plaintiff does not constitute a "final decision of the Commissioner of Social Security," and "Congress has made it clear that only final decisions made by the Commissioner can be reviewed in federal court." *Jones v. United States*, 813 F. Supp. 2d 210, 213 (D.D.C. 2011), citing 42 U.S.C. § 405(g). Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: March 15, 2016           United States District Judge